O. A. STEMPLE, G. B. MURRELL and W. F. HUGHEY, *Plaintiffs in Error;* v. JAMES BRUIN, *Defendant in Error.*

### CORPORATION—STOCK—HOW PAID.

1. Under the provisions of section 2653 of the General Statutes of 1906, where the charter of an incorporated company provides that its capital stock shall be paid in cash except that one-half of the capital stock or less may be paid in property, labor or services, the subscribers to such stock are bound to pay one-half of the amount of each of their subscriptions thereto in cash.

2. There is a wide distinction between the *authorized* capital

stock of a corporation and its *actual* capital stock. Its authorized capital may never become *actual capital* in consequence of never receiving any contributors. Its *actual* capital stock is the amount of its *authorized* capital that has been *bona fide* subscribed for and paid in.

This case was decided by the court En Banc.

Writ of Error to Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Donald C. McMulen,* for Plaintiffs in Error;

*P. O. Knight and A. G. Turner,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below filed the following petition in the Circuit Court of Hillsborough county:

> In the Circuit Court, Hillsborough County, Florida.

JAMES BRUIN,                    Damages, $4,500.00.
     . vs.
STEMPLE PILE PROTECTIVE
    COMPANY, A CORPORATION.

To the Honorable JOSEPH B. WALL, Judge:

Now comes James Bruin, plaintiff in the above entitled cause by his attorney, Peter O. Knight, and shows unto your Honor that on the 25th day of May, A. D. 1908, at Tampa, in the Circuit Court in and for Hillsborough county, State of Florida, before your Honor as Judge, jury having been waived by consent of counsel, the plaintiff, James Bruin, obtained a judgment

against the defendant herein for the sum of $1,000.00 and costs.

Petitioner would further show unto your Honor that the Stemple Pile Protecting Company is a corporation organized under the laws of the State of Florida, and that execution was issued against said Corporation and placed in the hands of the sheriff, but returned nulla bona, the sheriff being unable to find anything belonging to said corporaiton upon which to levy.

Petitioner would further show that the Stemple Pile Protecting Company is incorporated with a capital of $500,000.00; that the letters patent, under paragraph three of the charter, is in words as follows: "The amount of the capital stock of this corporation shall be $500,-000.00, which shall be divided into 5,000 shares of the par value of $100.00 each, which shall be paid in cash, except that one half of the capital stock or less may be paid in property, labor or services, at a just valuation to be fixed by the directors at a meeting called for that purpose.

A certified copy of the letters patent and of the articles of incorporation being hereto attached, being marked Exhibit 'A' and prayed to be taken as a part of this petition.

Your petitioner further shows that on the 13th of November, 1905, Wm. F. Hughey, as treasurer of the Stemple Pile Protecting Company, made an affidavit and filed the same with the Clerk of the Circuit Court for Hillsborough county, Florida, stating that ten per cent. of the capital stock has been subscribed for and paid in, a copy of said affidavit being hereto attached marked Exhibit 'B' and prayed to be taken as a part hereof.

Your petitioner further shows that in company with the sheriff of Hillsborough county, Florida, he demand-

ed through his attorney, of W. F. Hughey, the secretary and treasurer of the said corporation, the books, records and papers thereof, and from an examination of said records, as well as the statements of the secretary and treasurer, it was found that none of the stockholders had paid into the treasury of the company any money whatever, but that they had in some way unknown to petitioner valued a certain patent, which was owned solely by O. A. Stemple at a sum sufficient to cover the amount of stock subscribed by all of the incorporators and stockholders of said company.

Petitioner shows that the stockholders and incorporators of said company are as follows, and that they subscribed the number of shares in said company as is hereinafter set forth, to wit: O. A. Stemple, 100 shares, G. P. Murrell, 100 shares, W. F. Hughey, 100 shares, W. H. Porter, 100 shares, and D. B. Morrison, 100 shares, and that each and all of said stockholders, under the letters patent granted  by the Governor of the State incorporating said company, as well as under the General Statutes of Florida, is individually liable for plaintiff's judgment, for the reason that each of said stockholders is liable for the payment into the treasury of said company of $10,000.00, whereas the aggregate amount due petitioner under the judgment obtained as aforesaid, for principal, interest and costs, does not exceed $1,200.

Wherefore petitioner prays that your Honor will make an order authorizing and directing the Clerk of the Circuit Court for Hillsborough county, Florida, to issue an execution against each of the above named stockholders, to satisfy the judgment obtained as aforesaid.

James Bruin,
By Peter O. Knight, Attorney."

To this petition, a copy of which was served on the

defendants below citing them to show cause if any they had why the prayer of said petition should not be granted, the plaintiffs in error, defendants below, filed a demurrer on the grounds:

(1)  That said petition fails to show that respondents have not paid to the company the amount of stock subscribed for by each.

(2)  Because said petition alleges inferentially that respondents have not paid any money in the treasury of said company but does not allege that said petitioners have not paid in property to the amount of their subscription.

Upon the argument of this demurrer the Circuit Judge overruled the same on the ground that the charter of the corporation in question required fifty per cent. of all stock subscribed for to be paid in cash, which the petition showed had not been done by the defendant subscribers to the corporate stock, and granted twenty days to the defendants to answer the petition.  Having failed to answer within the time allowed, the judge entered judgment directing the Clerk to issue executions as prayed against defendant stockholders for the amount of the plaintiffs unsatisfied judgment against the corporation in which they were such stockholders.  For review of this judgment the defendants below bring the case here by writ of error.

The proceedings is brought under the provisions of section 2677 General Statutes of 1906, by which it is provided that, "If any execution shall issue against the property or effects of any corporation, and there cannot be found whereon to levy, then such execution may be issued against any of the stockholders to an extent equal in amount for so much as may remain unpaid upon the subscription and no further."

Section 2653 of the General Statutes of 1906, pro-

vides that: "all payments of stock and of interest money shall be made in lawful money of the United States unless it be stated in the charter that the capital stock or some therein designated portion of the stock shall be payable in property, labor or services at a just valuation to be fixed by the incorporators, or by the directors at a meeting called for such purpose." The charter of the corporation in question here provides as follows: "The amount of capital stock of this corporation shall be $500,000, which shall be divided into 5000 shares of the par value of $100 each, which shall be paid in cash except that one half of the capital stock or less may be paid in property, labor or services, at a just valuation to be fixed by the directors at a meeting called for that purpose." The petition shows that $50,000, or ten per centum of the *authorized* capital stock of the company was subscribed for by the defendants and others, and that no part of these subscriptions was paid in cash but that the defendant O. A. Stemple being the owner of a patent turned in such patent at a valuation of $50,000 by which all of such subscriptions for stock were accounted as fully paid up. The contention of the plaintiffs in error is that this was proper and could be properly done under the charter, and that all of the stock subscribed for having been so paid for in full, nothing was owed upon any of their subscriptions by any of the defendant subscribers, and none of them were, therefore, liable to any extent to creditors of the corporation. The sole question presented is the proper interpretation of the quoted provision in the charter of this company. Does it mean that fifty per cent of each subscribers subscription to the capital stock shall be paid in money, and that the other fifty per centum thereof may be paid in other property; or does it mean that one half of the entire *authorized* capital stock of the company, without

reference to individual subscriptions thereto, may be paid for in property and that such half of the entire *authorized* capital may be subscribed for by one subscriber and the whole of his subscription paid for in property other than cash?

Our answer to this question must be like that of the Circuit Judge in ruling upon the demurrer in this case. There is a wide distinction between the *authorized* capital stock of a corporation and its actual capital stock. Its *authorized* capital may never become *actual capital* in consequence of never receiving any contributors. Its *actual* capital stock is the amount of its *authorized* capital that has been *bona fide* subscribed for and paid in. In the present case the *authorized* capital is limited to $500,000. Of this limited sum only ten per cent. has been subscribed for, the other ninety per cent. may never be subscribed. Such *subscribed* portion, therefore, represents its *actual capital stock,* and in order to meet their obligations under the law and under the charter the subscribers to such stock are bound to pay one-half of the amount of each of their subscriptions thereto in cash. Commonwealth v. Lehigh Ave. Ry. Co., 129 Pa. St. 405, 18 Atl. Rep. 414, 498.

The judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiffs in error.

All concur, except PARKHILL, J., absent on account of illness.